IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE CIRILLO FAMILY TRUST, | § | |
| | § | |
| Plaintiff-Below, | § | No. 130, 2019 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: |
| | § | Court of Chancery |
| ARAM MOEZINIA, LEWIS TEPPER, | § | of the State of Delaware |
| MARK WALTER and DAVA | § | |
| PHARMACEUTICALS, INC., | § | C.A. No. 10116-CB |
| | § | |
| Defendants-Below, | § | |
| Appellees. | § | |
| | § | |

Submitted: September 25, 2019
Decided: October 14, 2019

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

# **O R D E R**

(1)     This action arises out of the acquisition of DAVA Pharmaceuticals, Inc. ("DAVA") by an affiliate of Endo Pharmaceuticals, Inc. in August 2014.  The Cirillo Family Trust ("Appellant" or "the Trust") held approximately 0.27% of DAVA's shares as of the date of the merger.  The Trust asserted two claims in the court below:  rescissory damages against DAVA and its directors (the "Director-Defendants," and with DAVA, the "Defendants") for defective written consents in connection with the merger, and fiduciary duty claims against the Director-Defendants for failure to include material information in the Section 262[1] notice of appraisal rights (the "Notice").  After discovery, the Defendants moved for summary judgment, and the Trust filed a motion to amend its

---

[1] 8 *Del. C.* § 262.

complaint to assert four new claims. The Court of Chancery, in its July 11, 2018 Memorandum Opinion (the "Memorandum Opinion"),[2] ruled in favor of Defendants on the motion for summary judgment and denied the Trust's motion to amend as to all but one proposed claim. The Trust filed its notice of appeal on March 22, 2019.

(2)     Having considered this matter on the briefs and oral arguments of the parties and the record below, this Court concludes that the same should be affirmed on the basis of, and for the reasons assigned by the Court of Chancery in its well-reasoned Memorandum Opinion, Stipulation and Order Entering Summary Judgment dated December 3, 2018, and Stipulation and Final Order dated February 22, 2019.

(3)     As for the two issues raised on appeal which Appellant claims the Court of Chancery failed to consider, we reject Appellant's claims of error as to those as well. First, Appellant asserts that the Court of Chancery failed to consider its argument that the Director-Defendants were self-interested in delivering an indisputably deficient Notice in connection with the acquisition of DAVA (the "Interested Director Claim"). The Interested Director Claim was not part of the operative complaint that was before the Court of Chancery on summary judgment.[3] Although the complaint does allege that the Notice was deficient, it does not allege that the Director-Defendants were self-interested in providing the deficient Notice. In the context of the Trust's motion to amend its complaint, the Court of Chancery expressly considered, but rejected, Appellant's proposed Interested Director Claim and deemed the claim to be futile and unable to

---

[2] *Cirillo Family Trust v. Moezinia*, 2018 WL 3388398 (Del. Ch. July 11, 2018).

[3] *See* Verified Amended Class Action Complaint filed on February 23, 2015.

withstand summary judgment.[4] Specifically, it found that the Director-Defendants were exculpated from monetary liability for duty of care breaches, and that there was no bad faith on their part with respect to the contents of the Notice.[5] It also held that omission of the information related to the Interested Director Claim "would not be material to a DAVA stockholder's decision whether to approve the Merger or seek appraisal."[6] In this sense, the court did consider the Director-Defendants' alleged self-interest with respect to the Notice. Further, Appellant has not argued on appeal that the Court of Chancery erred in denying its motion to amend its complaint.[7] In fact, it admits that it did not appeal the denial of its motion to amend.[8] Because the trial court explicitly rejected the Interested Director Claim in the context of the motion to amend, we reject the claim that the court failed to consider it.

---

[4] *Cirillo*, 2018 WL 3388398, at *17.

[5] *Id.* (finding that the Director-Defendants would be entitled to summary judgment on a claim that the Notice improperly failed to disclose information, because "they are exculpated from monetary liability for breaches of the duty of care" and "their actions with respect to the contents of the Notice did not amount to bad faith because they reasonably relied on their outside corporate counsel (Dechert) to prepare the Notice in accordance with the requirements of Delaware law . . ."); *see also id.* at *1 (in granting Defendants' motion for summary judgment, holding that, "the undisputed factual record shows that DAVA's directors reasonably relied, in good faith, on the advice of outside legal counsel with respect to the preparation of the notice even though, unbeknownst to the directors, that advice was seriously flawed," and denying the Trust's motion to add the Interest Director Claim "[f]or essentially the same reasons.").

[6] *Id.* at *17.

[7] The Appellant does not address in its Opening Brief Court of Chancery Rule 15(a) or the standard of review applicable to the denial of a motion to amend. No further citations were provided when questioned at oral argument. *See* Oral Argument Video at 6:00–9:45, https://livestream.com/accounts/5969852/events/8821648/videos/196852882. *See* Del. Sup. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal.").

[8] Reply Br. at 4.

(4)     We reject the claim for an additional reason.  As the trial court found, the Director-Defendants did not assert any control over the Notice's form or content.[9] Rather, the court found that the Notice was prepared by outside counsel Dechert LLP, a sophisticated law firm.[10]  It is not alleged that the Director-Defendants knew or should have known what was required in the Notice.  Nor is there any suggestion in the record before this Court that the Chancellor erred in finding that the Director-Defendants did not act in bad faith with regard to the Notice.  The Director-Defendants were immunized by the stockholders due to the exculpation provision contained in DAVA's Certificate of Incorporation, as authorized by 8 *Del. C.* § 102(b)(7), and we agree with the Chancellor that the claim was appropriately excluded from the amended complaint.

(5)     Secondly, Appellant claims that the Court of Chancery should have ruled on the question of whether a corporation's obligations to supply a complete and accurate notice of appraisal rights under Delaware law are the same as those of its fiduciaries. Specifically, the Trust argued that, through the operation of 8 *Del. C.* § 262(d)(2), the corporation surviving the merger, in addition to DAVA's board of directors, owes a duty to disclose all material information to its stockholders so that they can make an informed decision on whether to seek appraisal.  But this novel question was not ripe for review.

_____

[9] *Cirillo*, 2018 WL 3388398, at *4–5 (noting that "Dechert had been working internally to draft the Notice," the "Director Defendants never discussed the contents of the Notice among themselves," and the Director-Defendants "relied entirely on Dechert with respect to the form and content of the Notice.").

[10] *Id.* at *5 ("Apparently mimicking Dechert's precedents, the Notice failed to include, among other things, any financial information relating to DAVA, any description of DAVA's business and its future prospects, and any information about how the Merger price was determined or whether the price was fair to stockholders.").

Appellant conceded in its Opening Brief that it did not attempt to add such a claim against DAVA or its successor.[11] That is why the Court of Chancery declined to rule on the issue.[12] We find no error with the trial court's refusal to render what would have been a purely advisory opinion.[13]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery be, and the same hereby is, AFFIRMED.

BY THE COURT:

_/s/ Karen L. Valihura_
Justice

---

[11] Opening Br. at 34 n.11.

[12] *See Cirillo*, 2018 WL 3388398, at *17 n.168 ("Because the Trust has not attempted to assert a claim against the successor entity under Section 262, however, the court expresses no definitive conclusion on this issue, which appears to be one of first impression.").

[13] *Stroud v. Milliken Enters., Inc.,* 552 A.2d 476, 480 (Del. 1989) ("The law is well settled that our courts will not lend themselves 'to decide cases which have become moot, or to render advisory opinions.'" (citation omitted)).